■ Toby Migliacci, Respondent, v Berke & Berke et al., Appellants. [799 NYS2d 745]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered March 25, 2004, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion which were to dismiss the second, third, fourth, and fifth causes of action, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The gravamen of the plaintiff's claim is that the defendants compelled her to execute a settlement agreement with respect to the defendants' attorney's fee by depositing $125,000 received from her former husband in settlement of their divorce action into the defendants' escrow account and unlawfully withholding those funds in violation of the parties' retainer agreement. There are triable issues of fact which precluded the granting of summary judgment with respect to the first, sixth, seventh, and eighth causes of action which seek to recover damages based upon alternative theories of liability, and the defendants' motion was properly denied with respect to those causes of action.

However, with respect to the second, third, fourth, and fifth causes of action, alleging breach of other provisions of the par-

ties' retainer agreement, and the failure to file the agreement and a statement of net worth with the Supreme Court, the defendants established their entitlement to judgment as a matter of law and the plaintiff failed to raise a triable issue of fact (*see Behrins & Behrins v Sammarco*, 305 AD2d 346, 348 [2003]; *Markard v Markard*, 263 AD2d 470 [1999]). Accordingly, the defendants were entitled to summary judgment dismissing those causes of action. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.