**Phyllis Campion**, Appellant, v **Russell Campion**, Defendant. **Arnold B. Firestone**, Intervenor-Respondent. [821 NYS2d 232]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated February 27, 2004, as granted that branch of the motion of Arnold B. Firestone, former attorney for the plaintiff, which was for leave to enter a money judgment in the sum of $31,615.40 against the plaintiff, and denied that branch of the plaintiff's cross motion which was to vacate the portion of a stipulation of settlement between the parties requiring her to pay an attorney's fee to Arnold B. Firestone.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith, and a new determination on that branch of the motion which was for leave to enter a money judgment in the sum of $31,615.40 against the plaintiff, and that branch of the cross motion which was to vacate the portion of the stipulation of settlement between the parties that required the plaintiff to pay an attorney's fee to Arnold B. Firestone.

In the course of negotiating the settlement of this matrimonial action, Arnold B. Firestone (hereinafter the attorney), who was the attorney for the plaintiff (hereinafter the client), obtained the client's consent to insert into the stipulation of settlement between the parties a provision requiring her to pay his fee, in the amount of $31,615.40, from certain marital property that she was to receive in equitable distribution. The stipulation of settlement was subsequently "so ordered" and incorporated, without being merged, into the judgment of divorce that followed. Although the client had clearly agreed at the time of the stipulation of settlement to pay the fee in the amount stated, as evidenced by her statements in the allocution

in open court at the time the stipulation of settlement was approved, she subsequently refused to comply with the terms of the stipulation of settlement. The attorney then moved in this action to hold the client in contempt of court for her noncompliance with the stipulation of settlement or, among other things, for leave to enter a money judgment against the client in the sum of $31,615.40. The client, inter alia, opposed the motion on the ground that the time for which she was charged was excessive. At the same time, the client commenced a plenary action in the Supreme Court, Suffolk County, among other things, to set aside the fee provision in the stipulation of settlement.

The Supreme Court erred in granting that branch of the attorney's motion which was for leave to enter a money judgment against the client in the sum of $31,615.40 without considering that branch of the client's cross motion which was to vacate the portion of the stipulation of settlement requiring her to pay an attorney's fee on the ground that the fee charged was excessive. By moving in the matrimonial action for leave to enter a money judgment upon the ground that the client had defaulted, the attorney necessarily invoked the summary procedure established by Domestic Relations Law § 244 for the enforcement of matrimonial obligations. Under the terms of that provision, a party against whom enforcement of an obligation other than child support is sought may seek relief from the obligation upon showing good cause. Here, such good cause was established, prima facie, by the attorney-client relationship between the attorney and the client at the time the client entered into the fee stipulation (*see Migliacci v Berke & Berke*, 21 AD3d 459 [2005]; *see generally Matter of Dox v Tynon*, 90 NY2d 166, 172-174 [1997]; *Herrick v Lyon*, 7 AD3d 571 [2004]; *Behrins & Behrins v Sammarco*, 305 AD2d 346, 347-348 [2003]). "[I]t is well settled that the courts possess the traditional authority 'to supervise the charging of fees for legal services' pursuant to their 'inherent and statutory power to regulate the practice of law' " (*Koral v Koral*, 185 AD2d 298, 299 [1992], quoting *Matter of First Natl. Bank of E. Islip v Brower*, 42 NY2d 471, 474 [1977]). Moreover, "the existence of the stipulation does not foreclose this court from inquiring into the propriety of an attorneys' fee, even in the absence of undue influence or fraud" (*Koral v Koral, supra* at 300). Accordingly, the Supreme Court should have held a hearing with respect to the issues raised by the client before determining that branch of the attorney's motion which was for leave to enter a money judgment against the client.

The client's remaining contentions either are not properly before this Court or are without merit. Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.