■ MICHAEL PALMERI, Appellant, v CINDY PALMERI, Respondent. [47 NYS3d 469]—

Appeals by the plaintiff from (1) an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated May 19, 2016, (2) a money judgment of that court dated May 25, 2016, and (3) an order of that court dated July 18, 2016. The order dated May 19, 2016, insofar as appealed from, granted that branch of the defendant's motion which was for leave to enter a money judgment in her favor in the principal sum of $3,890,000. The money judgment, upon the order dated May 19, 2016, is in favor of the defendant and against the plaintiff in the principal sum of $3,890,000. The order dated July 18, 2016, granted that branch of the defendant's motion which was for a temporary modification of her schedule of supervised visits with the parties' children pending hearing and determination of that branch of her motion which was to modify the custody and visitation provisions of an amended judgment of divorce dated April 28, 2015.

Ordered that the appeal from so much of the order dated May 19, 2016, as granted that branch of the defendant's motion which was for leave to enter a money judgment is dismissed; and it is further,

Ordered that the money judgment is affirmed; and it is further,

Ordered that the order dated July 18, 2016, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from so much of the order dated May 19, 2016, as granted that branch of the defendant's motion which was for leave to enter a money judgment must be dismissed, as that portion of the order was superseded by the money judgment dated May 25, 2016.

The parties were divorced pursuant to an amended judgment of divorce dated April 28, 2015. The amended judgment

incorporated, but did not merge, the parties' stipulation of settlement dated August 8, 2014, which resolved the financial issues between the parties, as well as orders dated August 12, 2011, and October 17, 2011, respectively, which, inter alia, upon the parties' consent, awarded sole custody of the parties' two children to the plaintiff and supervised visitation to the defendant. The plaintiff now appeals from an order dated May 19, 2016, which granted that branch of the defendant's motion which was for leave to enter a money judgment in her favor based on the plaintiff's failure to transfer the sum of $3,890,000 to her, as required by the stipulation of settlement and amended judgment of divorce, and from a subsequent money judgment entered upon the order. The plaintiff also appeals from an order dated July 18, 2016, which granted that branch of the defendant's motion which was for a temporary modification of her supervised visitation schedule pending hearing and determination of that branch of her motion which was to modify the provisions of the amended judgment of divorce with respect to custody and visitation.

Contrary to the plaintiff's contention, the defendant was entitled to a money judgment in her favor for amounts owed by the plaintiff with respect to the defendant's distributive award pursuant to the stipulation of settlement and amended judgment of divorce (*see Cheruvu v Cheruvu*, 61 AD3d 1171 [2009]; *Campion v Campion*, 32 AD3d 814 [2006]). Accordingly, the Supreme Court properly granted the defendant's motion for leave to enter a money judgment.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.