■ In the Matter of JOHN J. NAGLE, Petitioner, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Respondents. [665 NYS2d 886] —Determination of respondent Police Commissioner, dated October 20, 1995, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Jane Solomon, J.], entered September 4, 1996), dismissed, without costs.

Substantial evidence supports respondent's findings that petitioner was guilty of failing to remain at the location of a double homicide, failing to identify himself and inform responding officers of his observations, of wrongfully associating with a known criminal, of making false and misleading statements to the Nassau County Police Department in connection with the homicide investigation, and of engaging in off-duty employment without permission or authority to do so. The proceeding was timely commenced upon the lodging of the charges and specifications on or about September 30, 1992 (Civil Service Law § 75 [4]; *Matter of Steyer*, 70 NY2d 990, 993). The penalty of dismissal was not excessive. Petitioner's remaining arguments are without merit. Concur—Murphy, P. J., Sullivan, Milonas, Mazzarelli and Andrias, JJ.

■ JAY JULIEN, Appellant, v LISA MACHSON, Respondent. [666 NYS2d 147] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about March 25, 1997, which dismissed the action with prejudice, unanimously affirmed, with costs.

In this action to recover legal fees for services rendered in a matrimonial action, the motion court properly dismissed the complaint with prejudice, since plaintiff conceded he failed to comply with the rules pertaining to domestic relations matters (22 NYCRR part 1400), in particular the requirements to file a copy of the written retainer agreement with the court with a statement of net worth (22 NYCRR 1400.2, 1400.3), to file a copy of the closing statement with the clerk of the court within 15 days of terminating the retainer agreement (22 NYCRR 1400.6), to provide the client with written, itemized bills at least every 60 days (22 NYCRR 1400.2), and to provide the client with notice of her right to arbitrate any fee dispute prior to institution of the action (22 NYCRR 1400.7; part 136). Such utter failure to abide by these rules, promulgated to address abuses in the practice of matrimonial law and to protect the public, will result in preclusion from recovering such legal fees (*cf., Rabinowitz v Cousins*, 219 AD2d 487, 488). Concur—Murphy, P. J., Sullivan, Milonas, Mazzarelli and Andrias, JJ.