OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
*206 Plaintiffs, former attorneys for defendant in a divorce proceeding, commenced this action seeking payment for unpaid legal fees pursuant to a retainer agreement. Defendant asserted a general denial and three affirmative defenses. The defenses alleged, inter alia, that the retainer agreement was void due to plaintiffs failure to comply with 22 NYCRR 1400.3, and that plaintiffs are not entitled to a fee since they have failed to provide defendant with written, itemized bills at least every 60 days as required by 22 NYCRR 1400.2 and 1400.3.
In coming to its decision, the court below improperly held that any deviation from the provisions of 22 NYCRR 1400.2 and 1400.3 on the part of the attorneys bars recovery, relying upon Philips v Philips (178 Misc 2d 159). We note that subsequent to the lower court’s decision, the Appellate Division, First Department, allowed recovery of fees by an attorney where there was “substantial compliance” with the rules (Flanagan v Flanagan, 267 AD2d 80). However, in the case at bar, while the retainer agreement in this domestic relations matter substantially conforms to 22 NYCRR 1400.3, it is clear that plaintiffs failed to render a written bill at least every 60 days as required by 22 NYCRR 1400.2. In fact, only three bills were sent to defendant over a 2V2-year time period. Thus, plaintiffs’“utter failure to abide by these rules” vitiates their right to legal fees (Julien v Machson, 245 AD2d 122) and summary judgment dismissing the complaint was proper.
DiPaola, P. J., Floyd and Palella, JJ., concur.