■ BEHRINS & BEHRINS, P.C., Respondent, v MARY L. SAMMARCO, Appellant. [759 NYS2d 151] —In an action to recover legal fees, the defendant appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Richmond County (Lebowitz, J.), dated March 20, 2002, which, inter alia, denied that branch of her cross motion which was, in effect, to preclude the plaintiff from recovering all legal fees for services rendered to her and directed a hearing on the issue of the plaintiff's entitlement to legal fees and the amount thereof.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as directed a hearing on the issue of the plaintiff's entitlement to legal fees and the amount thereof, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the cross motion which was, in effect, to preclude the plaintiff from recovering all legal fees for services rendered to the defendant and substituting therefor a provision granting that branch of the cross motion to the extent of precluding the plaintiff from recovering unpaid legal fees for services rendered to the defendant in connection with the underlying matrimonial action and (2) deleting the provision thereof directing a hearing on the issues of the plaintiff's entitlement to legal fees and the amount thereof; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant and her former husband were divorced by judgment of the Supreme Court, Richmond County, entered June 24, 1999. The plaintiff was the defendant's attorney in that matrimonial action. The plaintiff also represented the defendant during the transfer of title to the defendant of the former marital residence. On July 21, 1999, six days before the scheduled closing of title, the plaintiff wrote a letter to the defendant advising her that if she did not pay a total of $36,000, she would "have to" execute a confession of judgment. On July 27, 1999, the day of the closing of title, the defendant signed a confession of judgment in the amount of $34,000, which represented the balance allegedly due for legal services rendered to her from September 16, 1997 to July 27, 1999. This confession of judgment was filed on August 20, 1999. It is

undisputed that the plaintiff did not seek court approval prior to obtaining the confession of judgment.

Thereafter, the defendant, inter alia, sought to vacate the confession of judgment and to preclude the plaintiff from recovering all legal fees for services rendered to her. In this regard, the defendant argued that the plaintiff's violations of the rules governing the conduct of matrimonial attorneys (*see* 22 NYCRR part 1400 *et seq.*) precluded it from recovering such fees. In opposition, the plaintiff argued that the rules were not applicable because the "matrimonial action had been concluded by the * * * divorce judgment." Following a hearing, the Supreme Court vacated the confession of judgment. However, the Supreme Court found that the plaintiff had "substantially" complied with the procedure for attorneys in domestic relations matters (22 NYCRR part 1400), and was entitled to a reasonable fee for legal services rendered by it. Thus, the Supreme Court referred the matter to a Judicial Hearing Officer to hear and report on the issue of the plaintiff's entitlement to legal fees and the reasonable amount thereof. We modify.

Pursuant to 22 NYCRR 1400.5, a matrimonial attorney may obtain a confession of judgment to secure his or her fee "only" where: "(1) the retainer agreement provides that a security interest may be sought; (2) notice of an application for a security interest has been given to the other spouse; and (3) the court grants approval for the security interest after submission of an application for counsel fees." Here, the retainer agreement provided that a security interest may be sought. However, there is no dispute that the plaintiff did not give notice to the defendant's former husband nor did it obtain court approval for the confession of judgment. Thus, as properly found by the Supreme Court, the plaintiff's failure to abide by these rules warranted the vacatur of the confession of judgment.

We reject the plaintiff's argument that it "acted under the premise that it had the right to secure its fees and disbursements by confession of judgment without returning to the matrimonial court." The subject rules are clear. Under the facts of this case, the plaintiff's disregard for the aforementioned rules, promulgated to address abuses in the practice of matrimonial law and to protect the public, precludes it from recovering unpaid legal fees for services rendered to the defendant in the matrimonial action (*see e.g. Bishop v Bishop,* 295 AD2d 382, 383 [2002]; *Mulcahy v Mulcahy,* 285 AD2d 587 [2001]; *Julien v Machson,* 245 AD2d 122 [1997]; *Kaplowitz v Newman,* 185 Misc 2d 205 [2000]). By failing to obtain court approval for the confession of judgment, the plaintiff circumvented 22 NYCRR

1400.5 (a) (2) and (3), and undertook the exact conduct which the rules were meant to proscribe.

Even though there was noncompliance with 22 NYCRR 1400.5 (a) (2) and (3), the plaintiff is not required to return properly-earned fees already paid to it (*see e.g. Mulcahy v Mulcahy, supra* at 588).

Contrary to the defendant's claim, she is not entitled to an award of an attorney's fee (*see Glatter v Chase Manhattan Bank,* 239 AD2d 68, 73 [1998]).

In light of the foregoing, a hearing on the issue of the plaintiff's entitlement to legal fees and the amount thereof is not necessary. Feuerstein, J.P., H. Miller, Townes and Rivera, JJ., concur.