(June 20, 2005)

■ CHARLES ACKERMAN, Plaintiff, v MONIQUE GEBBIA-ACKERMAN, Respondent. LESLIE TENZER, Nonparty Appellant. [796 NYS2d 528]—

In an action for a divorce and ancillary relief, the defendant's former attorney, nonparty Leslie Tenzer, appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated May 25, 2004, as denied his motion to fix an attorney's retaining and charging lien pursuant to Judiciary Law § 475, and granted that branch of the defendant's cross motion which was to compel him to surrender the file to new counsel.

Ordered that the appeal from so much of the order as denied that branch of the motion which was to fix a retaining lien and granted that branch of the defendant's cross motion which was to compel him to surrender the file to new counsel is dismissed as academic, as the right to a retaining lien was extinguished upon the surrender of the file (*see Callaghan v Callaghan,* 13 AD3d 406 [2004]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The nonparty appellant, Leslie Tenzer, is the former attorney for the defendant wife in this action. Tenzer, asserting that the defendant owed him unpaid attorney's fees, moved, inter alia, to fix a retaining and charging lien pursuant to Judiciary Law § 475. The defendant, among other things, opposed the motion, arguing that Tenzer was precluded from seeking unpaid fees because he failed to comply with the relevant matrimonial rules (*see* 22 NYCRR 1400.1 *et seq.*). The Supreme Court, inter alia, denied Tenzer's motion, among other things, for a charging lien and ordered him to surrender the file. We affirm.

Tenzer failed to demonstrate substantial compliance with the matrimonial rules as they concern periodic billing statements (*see* 22 NYCRR 1400.3; *Behrins & Behrins v Chan,* 305 AD2d 348 [2003]). Thus, the court properly determined that he was not entitled to the unpaid attorney's fee (*see Behrins & Behrins v Sammarco,* 305 AD2d 346 [2003]; *Gorelik v Gorelik,* 303 AD2d 553 [2003]; *Bishop v Bishop,* 295 AD2d 382 [2002]; *Mulcahy v Mulcahy,* 285 AD2d 587 [2001]; *Markard v Markard,* 263 AD2d 470 [1999]).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Cozier, J.P., Ritter, Santucci and Luciano, JJ., concur.