■ ROBERT GAHAGAN, Plaintiff, v BETSY GAHAGAN, Appellant. JASPAN SCHLESINGER HOFFMAN LLP, Nonparty Respondent. [859 NYS2d 218]—

In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Nassau County (Ross, J.), entered January 22, 2007, which, upon an order of the same court entered December 6, 2006, in effect, granting, without a hearing, the cross motion of the defendant's former attorneys, the law firm of Jaspan Schlesinger Hoffman LLP, for a charging lien against her in the sum of $135,316.69, is in favor of Jaspan Schlesinger Hoffman LLP, and against her in the sum of $135,316.69.

Ordered that the judgment is reversed, on the law, with costs,

the order entered December 6, 2006 is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

"[An] . . . attorney is precluded from seeking fees from his or her client where the attorney has failed to comply with 22 NYCRR 1400.3, which requires the execution and filing of a retainer agreement that sets forth, inter alia, the terms of compensation and the nature of services to be rendered" (*Bishop v Bishop*, 295 AD2d 382, 383 [2002], quoting *Mulcahy v Mulcahy*, 285 AD2d 587 [2001]; *see Kayden v Kayden*, 278 AD2d 202 [2000]). Likewise, an attorney's failure to provide written, itemized bills at least every 60 days pursuant to 22 NYCRR 1400.2 will also preclude collection of a fee (*see Wagman v Wagman*, 8 AD3d 263 [2004]; *Julien v Machson*, 245 AD2d 122 [1997]). The failure to abide by these rules, "promulgated to address abuses in the practice of matrimonial law and to protect the public, will result in preclusion from recovering such legal fees" (*Julien v Machson*, 245 AD2d 122, 122 [1997]; *see Behrins & Behrins v Sammarco*, 305 AD2d 346, 347 [2003]; *Mulcahy v Mulcahy*, 285 AD2d 587 [2001]).

In this case, the Supreme Court improperly fixed the value of a charging lien in favor of the law firm of Jaspan Schlesinger Hoffman LLP (hereinafter the law firm), the defendant's former attorneys, and against the defendant, at the sum of $135,316.69, without a determination as to whether the law firm complied with 22 NYCRR 1400.2 and 1400.3.

Accordingly, we remit this matter to the Supreme Court, Nassau County, for a hearing and a new determination thereafter on the issue of attorney's fees. Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.