■ SHERESKY ARONSON & MAYEFSKY, LLP, Appellant, v HOLLY WHITMORE, Respondent. [861 NYS2d 44]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 15, 2007, which, in an action to recover a legal fee, granted defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and denied as academic plaintiff's cross motion pursuant to CPLR 3211 (c) for summary judgment, affirmed, without costs.

The subject "Premium Fee" clause in the parties' retainer agreement provides: "We reserve the right to discuss with you at the conclusion of your matter your payment of a reasonable additional fee to us, in excess of the actual time and disbursements, for exceptional results achieved, time expended, responsiveness accorded, or complexity involved in your case. However, no such fee will be charged to you without your consent." The clause does not satisfy the plain language and specificity requirements of 22 NYCRR 1400.3 (8), and defendant's oral agreement to pay plaintiff a premium fee of $150,000 is unenforceable (22 NYCRR 1400.3; see Julien v Machson, 245 AD2d 122 [1997]). Concur—Mazzarelli, J.P., Williams and Acosta, JJ.

Andrias and Buckley, JJ., concur in a separate memorandum by Andrias, J., as follows: I agree that the premium fee clause in issue lacks the specificity required by 22 NYCRR 1400.3 (8) because it fails to advise the client beforehand how such fee was to be calculated (e.g. a flat amount or possibly a fixed percentage or a limited range of percentage of the total hourly charges incurred). However, I write separately to emphasize that, to the extent that our affirmance might possibly be construed as a criticism of the proposed bonus agreement, no negative connotation should be read into our decision, particularly where it was left to the client's sole discretion to agree or disagree that a premium fee or bonus was warranted. Indeed, given the ongo-

ing debate regarding the efficacy of hourly charges (*see e.g.* Turow, *The Billable Hour Must Die—It Rewards Inefficiency. It Makes Clients Suspicious. And It May Be Unethical*, 93 ABA 32 [Aug. 2007]), such premium fee or bonus arrangements, when fairly negotiated and properly drafted, should be met with approval by the courts. Attorneys, and particularly matrimonial attorneys, should be encouraged, as much as it is possible within their power, to facilitate the expeditious resolution of marital disputes, whether by negotiation and settlement, mediation, or, when all else fails, litigation. [*See* 17 Misc 3d 1108(A), 2007 NY Slip Op 51883(U).]