■ STEPHEN BENTZ, Appellant, v JENNIFER BENTZ, Respondent. [896 NYS2d 895]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Bivona, J.), dated December 29, 2008, which granted the defendant's motion for an award of an attorney's fee to the extent of awarding her the sum of $13,000 and, in effect, denied his cross motion for an award of an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion to the extent of awarding her an attorney's fee in the sum of $13,000, and substituting therefor a provision denying the defendant's motion; as so modified, the order is affirmed, without costs or disbursements.

"Absent substantial compliance with 22 NYCRR 1400.3, which requires the execution and filing of a retainer agreement setting forth, inter alia, the terms of compensation and the

nature of services to be rendered, an attorney may not recover a fee from an adversary spouse" (*Sherman v Sherman*, 34 AD3d 670, 671 [2006]; *see Wagman v Wagman*, 8 AD3d 263 [2004]). Similarly, an attorney is precluded from seeking fees from his or her own client where the attorney has failed to comply with 22 NYCRR 1400.3 (*see Gahagan v Gahagan*, 51 AD3d 863, 864 [2008]).

In this case, the award of an attorney's fee to the defendant was improper. The applicable retainer agreement was not filed with the court until the defendant made her motion for an attorney's fee. Therefore, the defendant's attorney did not substantially comply with 22 NYCRR 1400.3 (*see Wagman v Wagman*, 8 AD3d at 263).

The Supreme Court did not improvidently exercise its discretion by, in effect, denying the plaintiff's cross motion for an award of an attorney's fee (*see* Domestic Relations Law § 237 [a]; *Gruppuso v Caridi*, 66 AD3d 838, 839 [2009]). Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.