■ CHRISTINA BLAKE HOVANEC, Respondent, v EDWARD J. HOVANEC, Defendant. DENISE LUPARELLO, P.C., Nonparty Appellant. [912 NYS2d 442]—

In an action for a divorce and ancillary relief, the plaintiff's former attorney, Denise Luparello, P.C., appeals from so much of

an order of the Supreme Court, Suffolk County (Garguilo, J.), dated June 8, 2009, as denied that branch of her renewed motion which was to establish a charging lien pursuant to Judiciary Law § 475 in the sum of $75,602.50. The appeal brings up for review so much of an order of the same court dated January 20, 2010, as, upon reargument, adhered to the determination in the order dated June 8, 2009 (*see* CPLR 5517 [b]).

Ordered that the appeal from the order dated June 8, 2009, is dismissed, as that order was superseded by the order dated January 20, 2010, made upon reargument; and it is further,

Ordered that the order dated January 20, 2010, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The court rules imposing certain requirements upon attorneys who represent clients in domestic relations matters (*see* 22 NYCRR part 1400) were designed to address abuses in the practice of matrimonial law and to protect the public. The failure to substantially comply with those rules will preclude an attorney's recovery of a legal fee (*see Matter of Grald v Grald*, 33 AD3d 922, 923 [2006]; *Julien v Machson*, 245 AD2d 122 [1997]). Here, the Supreme Court correctly determined, upon reargument, that there was no basis to change the original determination that the appellant had failed to make a prima facie showing, by submitting the requisite documentary evidence, that it substantially complied with the requirement of providing itemized bills for legal services to its client at least every 60 days (*see* 22 NYCRR 1400.2, 1400.3; *Gahagan v Gahagan*, 51 AD3d 863, 864 [2008]; *Pillai v Pillai*, 15 AD3d 466, 467 [2005]; *Wagman v Wagman*, 8 AD3d 263 [2004]). Accordingly, the Supreme Court properly adhered to its original determination that the appellant had failed to establish its entitlement to a charging lien (*see e.g. Gahagan v Gahagan*, 51 AD3d at 864; *Ackerman v Gebbia-Ackerman*, 19 AD3d 519, 520 [2005]; *Pillai v Pillai*, 15 AD3d at 467; *Wagman v Wagman*, 8 AD3d 263 [2004]), regardless of the adequacy of the opposition papers.

We reject the appellant's contention that an order of the Supreme Court dated March 5, 2010, which denied its second motion for leave to reargue, is brought up for review on this appeal, since an order denying a motion for leave to reargue is not reviewable under CPLR 5517 (b). Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.