■ DARIA ROSADO, Respondent, v RUBEN ROSADO, Appellant. [955 NYS2d 119]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated February 10, 2011, which granted the plaintiff's motion for an award of an attorney's fee to the extent of awarding her the sum of $10,000 to be paid by the defendant.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for an award of an attorney's fee is denied in its entirety.

"The court rules imposing certain requirements upon attorneys who represent clients in domestic relations matters (*see* 22 NYCRR part 1400) were designed to address abuses in the practice of matrimonial law and to protect the public" (*Hovanec v Hovanec*, 79 AD3d 816, 817 [2010]; *see Behrins & Behrins v Sammarco*, 305 AD2d 346, 347 [2003]). The failure to substantially comply with those rules will preclude an attorney's recovery of unpaid legal fees (*see Hovanec v Hovanec*, 79 AD3d at 817; *see also Behrins & Behrins v Sammarco*, 305 AD2d at 347).

Here, the evidence demonstrates that the plaintiff's counsel failed to substantially comply with the matrimonial rules regarding periodic billing statements (*see* 22 NYCRR 1400.3 [9]). Since the plaintiff's counsel was thereby precluded from seeking unpaid fees from the plaintiff (*see Hovanec v Hovanec*, 79 AD3d at 817; *see also Behrins & Behrins v Sammarco*, 305 AD2d at 347), the plaintiff's spouse may not be required to pay such fees (*see Wagman v Wagman*, 8 AD3d 263 [2004]; *Mulcahy v Mulcahy*, 285 AD2d 587 [2001]).

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.