*679 The court rules imposing certain requirements upon attorneys who represent clients in domestic relations matters (see 22 NYCRR part 1400) were designed to address abuses in the practice of matrimonial law and to protect the public (see Hovanec v Hovanec, 79 AD3d 816, 817 [2010]). Substantial compliance with those rules is required, and such a showing must be made on a prima facie basis as part of the moving party’s papers (see 22 NYCRR 1400.2, 1400.3; Hovanec v Hovanec, 79 AD3d at 817; Gahagan v Gahagan, 51 AD3d 863, 864 [2008]). Here, counsel for the defendant failed to establish, prima facie, substantial compliance with 22 NYCRR 1400.2 and 1400.3 (see Hovanec v Hovanec, 79 AD3d at 817; Bentz v Bentz, 71 AD3d 931, 932 [2010]). Accordingly, the Supreme Court should have denied that branch of the defendant’s motion which was for an award of an attorney’s fee.
The Supreme Court properly denied the plaintiffs motion to modify a prior order directing visitation with the child to be supervised by Diane Hessman, LCSW (cf. Matter of D’Angelo v Lopez, 94 AD3d 1261, 1262 [2012]). Rivera, J.P., Balkin, Leventhal and Chambers, JJ., concur.