■ In the Matter of RICHARD A. CORBISIERO, Appellant, v LORETTA A. CORBISIERO, Respondent. [975 NYS2d 911]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Suffolk County (Fields, S.M.), dated October 3, 2012, as, after a hearing, denied those branches of his petition which were for a downward modification of his weekly child support obligation and his obligation to pay certain college expenses of the parties' children, and (2) an order of the same court (Hoffmann, J.) dated December 10, 2012, which denied his objections to so much of the order dated October 3, 2012, as denied those branches of his petition which were for a downward modification of his weekly child support obligation and his obligation to pay certain college expenses of the parties' children.

Ordered that the appeal from the order dated October 3, 2012, is dismissed, as the portions of that order appealed from were superseded by the order dated December 10, 2012; and it is further,

Ordered that the order dated December 10, 2012, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

A party seeking to modify the support provisions contained in a stipulation of settlement incorporated but not merged into a judgment of divorce, where, as here, the stipulation was executed prior to the effective date of the 2010 amendments to Family Court Act § 451, has the burden of establishing a substantial, unanticipated, and unreasonable change in circumstances resulting in a concomitant need (see Family Court Act § 451 [2] [a]; L 2010, ch 182, § 13; Merl v Merl, 67 NY2d 359 [1986]; Matter of Neuhauser v Eisenberger, 77 AD3d 951 [2010]; Matter of Schlakman v Schlakman, 66 AD3d 786, 787 [2009]; Matter of Ripa v Ripa, 61 AD3d 766 [2009]; Matter of Kerner v Kerner, 46 AD3d 683 [2007]). Here, the father failed to establish that an increase in the mother's income was an unanticipated change in circumstances sufficient to warrant a downward modification of his weekly child support obligation and his obligation to pay certain college expenses of the parties' children.

Accordingly, the Family Court correctly denied the father's objections to so much of the Support Magistrate's order as denied those branches of his petition which were for a downward modification of those obligations. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.