■ In the Matter of KAREN SUCHAN, Appellant, v RONALD EAGAR, Respondent. [993 NYS2d 519]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Luft, J.), dated July 1, 2013, as granted the father's objections to so much of an order of the same court (Lynaugh, S.M.), dated May 13, 2013, as, after a hearing, granted that branch of the mother's petition which was for an upward modification of the father's monthly child support obligation.

Ordered that the order dated July 1, 2013, is affirmed insofar as appealed from, with costs.

The parties' stipulation of settlement, which was incorporated but not merged into the parties' judgment of divorce, set forth the father's child support obligation, and was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 (see L 2010, ch 182, § 13). Therefore, in order to establish her entitlement to an upward modification of the father's child support obligation, the mother had the burden of establishing a substantial, unanticipated, and unreasonable change in circumstances resulting in a concomitant need (see Family Ct Act § 451 [2] [a]; Merl v Merl, 67 NY2d 359 [1986]; Matter of Corbisiero v Corbisiero, 112 AD3d 625 [2013]). Since the record demonstrates that the mother failed to meet her burden, the Family Court correctly granted the father's objections to so much of the Support Magistrate's order as granted that branch of the mother's petition which was for an upward modification of his child support obligation. Dillon, J.P., Hall, Austin and Barros, JJ., concur.