◼ Andrew Kaplan, Respondent-Appellant, v Meryl Kaplan, Appellant-Respondent. [13 NYS3d 184]—

Appeal and cross appeal from stated portions of an order of the Supreme Court, Rockland County (Margaret Garvey, J.), dated January 2, 2014. The order, after a hearing, inter alia, granted those branches of the plaintiff's motion which were to modify the maintenance and child support provisions of the parties' separation agreement, directed that the plaintiff recoup the overpayment of his maintenance obligation made since the filing of his motion as a credit against his future maintenance obligation, granted the defendant's motion for an award of child support for the period commencing after the parties' youngest child began to reside with her, directed that the cost of the children's college tuition, room and board, and related costs, and their unreimbursed medical expenses, be divided between the parties according to their respective pro rata percentage of total parental income, and directed that the parties' youngest child could become emancipated in any manner recognized under New York law.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for a downward modification of his child support obligation under the parties' separation agreement, and substituting therefor a provision denying that branch of the plaintiff's motion; and (2) by deleting the provisions thereof directing that the plaintiff recoup the overpayment of his maintenance obligation made since the filing of his motion as a credit against his future maintenance obligation, granting the defendant's motion for an award of child support for the period commencing

after the parties' youngest child began to reside with her, directing that the cost of the children's college tuition, room and board, and related costs, and their unreimbursed medical expenses, be divided between the parties according to their respective pro rata percentage of total parental income, and directing that the parties' youngest child could become emancipated in any manner recognized under New York law; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a recalculation of the plaintiff's child support obligation in accordance herewith.

The parties were married on March 17, 1990, and have two children. By order dated August 8, 2008, the Family Court awarded the plaintiff sole legal and physical custody of the children. In a judgment of divorce dated March 30, 2010, which incorporated but did not merge a separation agreement dated January 13, 2010, the defendant's child support obligation was set at the sum of $25 a month and the plaintiff was required to pay the defendant maintenance in the sum of $16,666 per month for a period of 10 years. In 2009, the plaintiff's income was approximately $1.8 million and the defendant was unemployed. In July 2012, more than two years after losing his job, the plaintiff moved to modify the maintenance and child support provisions of the parties' separation agreement. In November 2012, after the parties' youngest child began living with her, the defendant moved for an award of child support from the plaintiff for that child.

The Supreme Court properly granted that branch of the plaintiff's motion which was for a downward modification of his maintenance obligation. The plaintiff demonstrated that his loss of employment was unavoidable, that he made a good-faith effort to obtain employment commensurate with his qualifications and experience, and that continued enforcement of the maintenance obligation as set forth in the parties' separation agreement would create an "extreme hardship" (cf. Lewis v Lewis, 43 AD3d 462, 463-464 [2007]; see Beard v Beard, 300 AD2d 268, 269 [2002]; Pintus v Pintus, 104 AD2d 866, 868-869 [1984]). The Supreme Court also providently exercised its discretion in imputing $450,000 in income to the plaintiff based upon, inter alia, his educational background and employment history (see Matter of Julianska v Majewski, 78 AD3d 1182, 1183 [2010]; Friedman v Friedman, 309 AD2d 830, 831 [2003]), and reducing his maintenance obligation to the defendant from $16,666 per month to $6,375 per month, taking into consider-

ation, inter alia, the relevant factors enumerated in Domestic Relations Law § 236 (B) (6) (a) (*see Baron v Baron,* 71 AD3d 807, 809 [2010]; *Otto v Otto,* 207 AD2d 530, 532 [1994]).

However, the Supreme Court erred in directing that the plaintiff recoup the overpayment of his maintenance obligation made since the filing of his motion as a credit against his future maintenance obligation. Generally, as a matter of public policy, a payor spouse is not entitled to restitution or recoupment of maintenance payments (*see Fox v Fox,* 306 AD2d 583 [2003]; *Vigliotti v Vigliotti,* 260 AD2d 470, 471 [1999]; *Samu v Samu,* 257 AD2d 656 [1999]; *Du Jack v Du Jack,* 243 AD2d 908, 909 [1997]; *Matter of Klein v Klein,* 58 AD2d 811 [1977]), and, contrary to the plaintiff's contention, this case does not fall outside the general rule (*see Arcabascio v Arcabascio,* 48 AD3d 606 [2008]; *cf. Stimmel v Stimmel,* 163 AD2d 381 [1990]; *Jacobs v Patterson,* 143 AD2d 397, 398 [1988]; *Vigliotti v Vigliotti,* 260 AD2d at 471).

The Supreme Court also erred in granting that branch of the plaintiff's motion which was for an upward modification of the defendant's child support obligation. A party seeking to modify the support provisions contained in a stipulation of settlement incorporated but not merged into a judgment of divorce which was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 has the burden of establishing a substantial, unanticipated, and unreasonable change in circumstances resulting in a concomitant need (*see Merl v Merl,* 67 NY2d 359, 362 [1986]; *Matter of Suchan v Eagar,* 121 AD3d 910 [2014]; *Matter of Corbisiero v Corbisiero,* 112 AD3d 625 [2013]). Here, the plaintiff failed to demonstrate that he was unable to meet his needs and the needs of the children during the five months they were in his custody after he made his motion (*see Matter of Imperato v Imperato,* 54 AD3d 375 [2008]).

The Supreme Court erred in calculating the award of child support to the defendant for the period commencing after the parties' youngest child began to reside with her. Under the circumstances of this case, the court erred in deducting the annual amount of the plaintiff's maintenance payment from his income in calculating the amount of child support (*see Domestic Relations Law* § 240 [1-b] [b] [5] [vii] [C]; *Alecca v Alecca,* 111 AD3d 1127, 1130 [2013]; *Huber v Huber,* 229 AD2d 904, 905 [1996]).

The Supreme Court improperly directed that the cost of the children's college tuition, room and board, and related expenses, and their unreimbursed medical expenses, be divided between the parties according to their respective pro rata per-

centage of total parental income. The parties' separation agreement contained terms outlining the responsibilities of the each party as to these expenses, and there was no basis for the court to interfere with the parties' contractual agreement (*see Colucci v Colucci*, 54 AD3d 710 [2008]).

The Supreme Court also erred in directing that the parties' youngest child could become emancipated in any manner recognized under New York law. The parties' separation agreement contains its own distinct definition of emancipation that permits, under certain circumstances, for the child to remain unemancipated until his 22nd birthday (*see Tamburello v Tamburello*, 113 AD3d 752 [2014]).

The parties' remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Skelos, Roman and LaSalle, JJ., concur.