■ Sandy Mohamed Badawi, Respondent, v Wael Mounir Alesawy, Appellant. [24 NYS3d 354]—

In an action, inter alia, for a judgment declaring that a foreign judgment of divorce obtained by the plaintiff is valid and enforceable in New York, the defendant appeals from a money judgment of the Supreme Court, Westchester County (Ecker, J.), dated October 9, 2013, which, upon an order of the same court entered May 14, 2013, directing the defendant to pay the plaintiff's counsel fees incurred from Goldschmidt & Genovese, LLP, in the amount of $45,930.76, to reimburse the plaintiff for counsel fees incurred from Michael M. Lease, Esq., in the amount of $745, and to reimburse the plaintiff for counsel fees incurred from William Yeung, Esq., in the amount of $300, is in favor of Goldschmidt & Genovese, LLP, and against him in the amount of $45,930.76, and is in favor of the plaintiff and against him in the amount of $1,045.

Ordered that on the Court's own motion, the notice of appeal from the order entered May 14, 2013, is deemed a premature notice of appeal from the money judgment (see CPLR 5520 [c]); and it is further,

Ordered that the money judgment is modified, on the law, by deleting the provision thereof in favor of the plaintiff and against the defendant in the amount of $1,045; as so modified, the money judgment is affirmed, without costs or disbursements, and the order entered May 14, 2013, is modified accordingly.

In an order entered September 27, 2012, the Supreme Court concluded, inter alia, that a civil divorce decree and custody award rendered by the Abu Dhabi courts was entitled to recognition, registration, and entry as a judgment of divorce and orders of custody and support in New York based on the principles of comity, and awarded the plaintiff reasonable counsel fees and expenses incurred in connection with the issues of custody, child support, maintenance, and distribution of property. Thereafter, the plaintiff submitted an affidavit and billing records which reflected the legal fees and expenses related to costs she incurred in connection with the proceedings in accordance with the scope of the court's prior order, and in connection with her application for counsel fees. In an order entered May 14, 2013, the court directed the defendant to pay the plaintiff's counsel fees incurred from Goldschmidt & Genovese, LLP, in the amount of $45,930.76, to reimburse the plaintiff for counsel fees incurred from Michael M. Lease, Esq., in the amount of $745, and to reimburse the plaintiff for counsel fees incurred from William Yeung, Esq., in the amount of $300. Thereafter, the court entered a money judgment upon the order.

The court may, in designated actions, direct a spouse or parent to pay counsel fees to enable the other party to carry on or defend the application or proceeding by the other spouse or parent as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties (*see* Domestic Relations Law § 237 [a], [b]). "In exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]).

Here, in the order entered September 27, 2012, the Supreme Court, after reviewing all of the circumstances, including the financial circumstances of the parties and the relative merits of the parties' positions, awarded the plaintiff reasonable counsel fees and expenses incurred in connection with the issues of custody, child support, maintenance, and distribution of property. This Court is affirming that portion of that order in a related appeal (*see Badawi v Alesawy*, 135 AD3d 792 [2016] [decided herewith]). Thus, to the extent that the defendant argues, on this appeal, that the court erred in awarding counsel fees to the plaintiff, that issue is being determined in the companion appeal.

Moreover, under the circumstances presented, the award of counsel fees incurred from Goldschmidt & Genovese, LLP, in the amount of $45,930.76 was not an improvident exercise of discretion (*see* Domestic Relations Law § 237 [a], [b]). Although awards for legal services provided in connection with a fee application should not be routinely expected or freely granted, such awards are committed to the sound discretion of the court to be exercised in an appropriate case (*see O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]; *Matter of Rospigliosi v Abbate*, 31 AD3d 648, 649 [2006]).

However, the Supreme Court should not have directed the defendant to reimburse the plaintiff for counsel fees rendered by her prior attorneys in a sum totaling $1,045. A party may be precluded from recovering legal fees from an adversary spouse where that party's counsel failed to substantially comply with 22 NYCRR 1400.3, which provides, inter alia, that attorneys in specified domestic relations matters must execute and file a written retainer agreement with the Supreme Court (*see* 22 NYCRR 1400.3; *Rosado v Rosado*, 100 AD3d 856 [2012]; *Bentz v Bentz*, 71 AD3d 931 [2010]; *Wagman v Wagman*, 8 AD3d 263 [2004]). Here, the defendant correctly contends that the plaintiff failed to establish that her prior attorneys, Michael M.

Lease, Esq., and William Yeung, Esq., substantially complied with 22 NYCRR 1400.3. In any event, the court's awards of counsel fees pertaining to services rendered by Michael M. Lease, Esq., and William Yeung, Esq., were improper, as the plaintiff failed to submit an affidavit from either attorney detailing the financial agreement between the plaintiff and the attorney as required by Domestic Relations Law § 237 (*see* Domestic Relations Law § 237 [a], [b]). Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.