■ In the Matter of CATHERINE CALANDRA, Appellant, v MICHAEL F. MACAIONE, Respondent. [35 NYS3d 240]—

Appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated January 8, 2015. The order denied the mother's objections to an order of that court (Esther R. Furman, S.M.) entered August 20, 2014, which, after a hearing, in effect, denied the mother's petition for an upward modification of the father's child support obligation, and dismissed the proceeding.

Ordered that the order dated January 8, 2015, is affirmed, with costs.

The mother and the father were married in 1997 and have two children. In April 2010, the parties entered into a stipulation of settlement that was incorporated but not merged into a judgment of divorce entered July 21, 2010. In July 2012, the mother commenced this proceeding for an upward modification of the father's child support obligation, which was set forth in the stipulation of settlement. By order entered August 20, 2014, a Support Magistrate, after a hearing, in effect, denied the mother's petition and dismissed the proceeding. By order dated January 8, 2015, the Family Court denied the mother's objections to the order entered August 20, 2014. The mother appeals from the order dated January 8, 2015.

The stipulation of settlement set forth the parties' child support obligations and was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 (see L 2010, ch 182, § 13; Matter of Suchan v Eagar, 121 AD3d 910 [2014]). Therefore, to the extent the parties did not contract otherwise

(*see Martin v Martin*, 80 AD3d 579, 580 [2011]), in order to establish her entitlement to an upward modification of the father's child support obligation, the mother had the burden of establishing a substantial and unanticipated change in circumstances resulting in a concomitant need (*see Matter of Suchan v Eagar*, 121 AD3d at 910; *Matter of Corbisiero v Corbisiero*, 112 AD3d 625, 626 [2013]), or that the needs of the children were not being met (*see Nelson v Nelson*, 75 AD3d 593, 594 [2010]; *Matter of Alexander v Strathairn*, 69 AD3d 930, 931 [2010]). The mother failed to meet that burden. The mother's contention that the parties contracted in the stipulation of settlement to apply the lesser standard of a "change in circumstances" to the father's income over $105,000 is not supported by the language of the subject provision (*see Khorshad v Khorshad*, 121 AD3d 857, 858 [2014]; *Kosnac v Kosnac*, 60 AD3d 636, 637 [2009]), and the mother's remaining contentions are without merit.

Accordingly, the Family Court properly denied the mother's objections. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.