■ EDITH MONTOYA, Appellant, v CESAR MONTOYA, Respondent. [40 NYS3d 151]—

Appeal by the plaintiff from an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated December 8, 2015. The order denied, without prejudice, her application for an award of counsel fees.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The parties were married in 1985 and are the parents of two emancipated children. In November 2013, the plaintiff commenced this action for a divorce and ancillary relief. On June 23, 2015, the parties executed a separation agreement (hereinafter the agreement) settling all issues and agreeing to discontinue the action. Article 1 of the agreement provided that the plaintiff "may file an application for recovery of the counsel fees she incurred in the divorce action." Pursuant to article 1, the plaintiff sought an award of counsel fees, which was opposed by the defendant. In an order dated December 8, 2015, the Supreme Court denied the application, without prejudice. The Supreme Court explained that the plaintiff's submissions did not contain proper itemized billing statements from her attorney demonstrating that she was billed at least every 60 days, as required by 22 NYCRR 1400.2. The plaintiff appeals.

"In a matrimonial action, an award of an attorney's fee or an expert fee is a matter committed to the sound discretion of the trial court" (Vitale v Vitale, 112 AD3d 614, 614-615 [2013]). " 'In exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions' " (Badawi v Alesawy, 135 AD3d 793, 795 [2016], quoting DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]). However, court rules impose certain requirements upon attorneys who represent clients in domestic relations matters (see 22 NYCRR part 1400). These rules were designed to address abuses in the practice of matrimonial law and to protect the public, and the failure to substantially comply with them will preclude an attorney's recovery of a legal fee from his or her client (see Hovanec v Hovanec, 79 AD3d 816, 817 [2010]; Pillai v Pillai,

15 AD3d 466 [2005]; *Bishop v Bishop*, 295 AD2d 382 [2002]) or from the adversary spouse (*see Rosado v Rosado*, 100 AD3d 856 [2012]; *Wagman v Wagman*, 8 AD3d 263 [2004]). A showing of substantial compliance must be made on a prima facie basis as part of the moving party's papers (*see Gottlieb v Gottlieb*, 101 AD3d 678, 679 [2012]).

Here, the evidence proffered by the plaintiff in support of her application demonstrates that her attorney failed to substantially comply with the rules requiring periodic billing statements at least every 60 days (*see* 22 NYCRR 1400.2, 1400.3 [9]; *Rosado v Rosado*, 100 AD3d 856 [2012]; *Gahagan v Gahagan*, 51 AD3d 863 [2008]). Accordingly, the Supreme Court providently exercised its discretion in denying, without prejudice, her application for an award of counsel fees (*see Wagman v Wagman*, 8 AD3d 263 [2004]). Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.