■ In the Matter of CHRISTINA THOMPSON, Respondent, v SCOTT E. SUSSMAN, Appellant. [40 NYS3d 571]—

Appeal by the father from an order of the Family Court, Suffolk County (Martha L. Luft, J.), dated November 20, 2015. The order denied, in part, the father's objections to an order of that court (Barbara Lynaugh, S.M.) dated August 13, 2015, which, after a hearing, granted the mother's petition for an upward modification of his child support obligation.

Ordered that the order dated November 20, 2015, is reversed, on the law, with costs, the father's objections to the order dated August 13, 2015, are granted in their entirety, the order dated August 13, 2015, is vacated, and the mother's petition for an upward modification of the father's child support obligation is denied.

The parties are the divorced parents of two children. In October 2005, the parties entered into a stipulation of settlement which was incorporated but not merged into a judgment

of divorce entered June 1, 2007. Under the terms of the stipulation, the parties agreed that the mother would have primary residential custody of the children, but that they would share a nearly equal amount of parenting time. The stipulation required the father to pay child support in the sum of $900 per month, and included a provision stating that the parties had opted to deviate from the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) in calculating the father's support obligation in light of several factors, including "the fact that [the father was being given] nearly equal time with the children." On July 20, 2013, the Suffolk County Support Collection Unit (hereinafter SCU) issued a cost-of-living adjustment order pursuant to Family Court Act § 413-a which increased the father's support obligation to $994 per month.

In September 2014, the mother commenced this proceeding for an upward modification of the father's child support obligation. At the conclusion of a hearing, the Support Magistrate granted the mother's petition. The father filed objections, contending that since the stipulation setting forth his child support obligation predated the 2010 amendments to Family Court Act § 451 (see L 2010, ch 182), an upward modification could be granted only if the mother established an unforseen change in circumstances resulting in a concomitant need. In an order dated November 20, 2015, the Family Court denied, in part, the father's objections. The Family Court determined that since the SCU had issued an order adjusting the father's support obligation in 2013, the 2010 amendments to Family Court Act § 451 applied, and the mother was entitled to an upward modification pursuant to Family Court Act § 451 (3) (b) (ii). That provision permits modification where "there has been a change in either party's gross income by fifteen percent or more" since the prior support order was entered. The father appeals from the order dated November 20, 2015.

Contrary to the Family Court's determination, the 2010 amendments to Family Court Act § 451 do not apply here because the stipulation setting forth the father's support obligation was executed prior to the effective date of those amendments (see L 2010, ch 182, § 13). Furthermore, the fact that the father's support obligation was adjusted in 2013 pursuant to Family Court Act § 413-a does not make the 2010 amendments applicable to this proceeding. In this regard, Family Court Act § 413-a (4) provides that "[n]othing herein shall be deemed in any way to limit, restrict, *expand* or impair the rights of any party to file for a modification of a child support order as is otherwise provided by law" (emphasis added).

Since the 2010 amendments do not apply, in order to establish her entitlement to an upward modification of the father's child support obligation, the mother was required to establish a substantial and unanticipated change in circumstances resulting in a concomitant need (*see Matter of Calandra v Macaione*, 141 AD3d 519, 520 [2016]; *Kaplan v Kaplan*, 130 AD3d 576, 578 [2015]), or that the needs of the children were not being met (*see Matter of O'Connor-Gang v Munoz*, 143 AD3d 825 [2d Dept 2016]; *Matter of Calandra v Macaione*, 141 AD3d at 520). The mother failed to meet that burden. Although the evidence presented at the hearing demonstrated that the father's gross income had risen from $82,000 in 2005 to approximately $107,000 in 2014, it also demonstrated that the mother's gross income was approximately $165,000 in 2014. The mother also failed to establish that there had been any significant change in the amount of parenting time the father spent with the children, or that the needs of the children were not being met by the current level of support. Accordingly, the Family Court should have granted the father's objections to the Support Magistrate's order in their entirety, and denied the mother's petition for an upward modification (*see Matter of Calandra v Macaione*, 141 AD3d at 520; *Casler v Casler*, 131 AD3d 664, 665 [2015]; *Malone v Malone*, 122 AD3d 1190, 1192 [2014]; *Nelson v Nelson*, 75 AD3d 593, 594 [2010]). Eng, P.J., Austin, Roman and Cohen, JJ., concur.