Matter of Tarpey v Tarpey (2018 NY Slip Op 05178)





Matter of Tarpey v Tarpey


2018 NY Slip Op 05178


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-07781
 (Docket No. F-14737-16)

[*1]In the Matter of Francine Tarpey, respondent, 
v
James A. Tarpey, appellant.


Petroske Riezenman & Meyers, P.C., Hauppauge, NY (Clifford J. Petroske of counsel), for appellant.
Laura C. Golightly, Hauppauge, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Anthony S. Senft, Jr., J.), dated June 26, 2017. The order denied the father's objections to (1) an order of the same court (Darlene Jorif-Mangane, S.M.) dated April 20, 2017, which granted the mother's petition for an upward modification of the father's child support obligation, and (2) an order of the same court (Darlene Jorif-Mangane, S.M.), also dated April 20, 2017, which granted the mother's application for attorney's fees in the principal sum of $1,950.
ORDERED that the order dated June 26, 2017, is reversed, on the law and the facts, with costs, the father's objections to the orders dated April 20, 2017, are granted, the orders dated April 20, 2017, are vacated, the mother's petition for an upward modification of the father's child support obligation is denied, and the mother's application for attorney's fees is denied.
Francine Tarpey (hereinafter the mother) and James Tarpey (hereinafter the father) married on February 14, 1998, have three children, and were divorced on March 10, 2010. The parties' stipulation of settlement and custody were incorporated but not merged into the judgment of divorce. Pursuant to the stipulation, the parties were to share residential custody of the children. In 2016, the mother petitioned for an upward modification of the father's child support obligation on the ground that the mother now had full residential custody of the children and was paying for all of the children's expenses. The mother also sought attorney's fees. In an order dated April 20, 2017, the Support Magistrate, after a hearing, granted the mother's petition for an upward modification of the father's child support obligation. In a second order dated April 20, 2017, the Support Magistrate granted the mother's application for attorney's fees in the principal sum of $1,950. The father objected to these orders, and in an order dated June 26, 2017, the Family Court denied his objections. The father appeals from the order denying his objections.
"A party seeking to modify the support provisions contained in a stipulation of settlement incorporated but not merged into a judgment of divorce which was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 has the burden of establishing a substantial, unanticipated, and unreasonable change in circumstances resulting in a concomitant need" (Kaplan v Kaplan, 130 AD3d 576, 578; see L 2010, ch 182, § 13; Matter of Thompson v [*2]Sussman, 144 AD3d 928, 929-930). Here, although the change in custody amounted to "a substantial, unanticipated, and unreasonable change in circumstances," the mother failed to establish that this change "result[ed] in a concomitant need" so as to justify modifying the father's child support obligation (Kaplan v Kaplan, 130 AD3d at 578). While the mother showed that there had been some increase in the children's expenses, she failed to demonstrate that she was unable to meet the children's needs with the resources available to her along with the current child support she was receiving (see Matter of Thompson v Sussman, 144 AD3d at 930; Kaplan v Kaplan, 130 AD3d at 578; cf. Matter of Gravlin v Ruppert, 98 NY2d 1, 6). Moreover, although the mother established that she had incurred substantial debt over the period of time since she had full residential custody of the children, she failed to prove that the debt was incurred due to any alleged increase in the children's expenses (see Matter of Thompson v Sussman, 144 AD3d at 930). Accordingly, the Family Court should have granted the father's objection to the Support Magistrate's order granting the mother's petition for an upward modification of the father's child support obligation.
An attorney may recover fees from a client or the client's spouse only if the attorney has substantially complied with 22 NYCRR 1400.2 and 1400.3, which, inter alia, require counsel to provide the client with "written, itemized bills at least every 60 days" (Gahagan v Gahagan, 51 AD3d 863, 864; see Piza v Baez-Piza, 145 AD3d 808, 810; Rosado v Rosado, 100 AD3d 856, 856; Kaplowitz v Newman, 185 Misc 2d 205, 206 [App Term, 2d Dept]). The party moving for attorney's fees must make a prima facie showing of substantial compliance with 22 NYCRR 1400.2 and 1400.3 (see Gottlieb v Gottlieb, 101 AD3d 678, 679). Here, the Support Magistrate erred in awarding the mother attorney's fees, as the mother did not demonstrate, prima facie, substantial compliance with 22 NYCRR 1400.2 or 1400.3 (see Gottlieb Gottlieb, 101 AD3d at 679; Gahagan v Gahagan, 51 AD3d at 864). The mother failed to submit appropriate evidence in support of her application for attorney's fees (see Gottlieb v Gottlieb, 101 AD3d at 679; Rosado v Rosado, 100 AD3d at 856; Gahagan v Gahagan, 51 AD3d at 864). Accordingly, the Family Court should have granted the father's objection to the Support Magistrate's order granting the mother's application for attorney's fees.
In light of the foregoing, we need not consider the father's objection to the Support Magistrate's calculation of his modified child support obligation.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.

2017-07781 DECISION & ORDER ON MOTION
In the Matter of Francine Tarpey, respondent, v James
A. Tarpey, appellant.
(Docket No. F-14737-16)

Motion by the mother, inter alia, to dismiss an appeal from an order of the Family Court, Suffolk County dated June 26, 2017, on the ground that the order was superseded by an order of the same court dated July 17, 2017. By decision and order on motion of this Court dated April 9, 2018, that branch of the motion which was to dismiss the appeal was held in abeyance and was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order dated June 26, 2017, is denied.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court