Law Offs. of Lydia C. Hills, P.C. v Holguin (2021 NY Slip Op 50032(U))

[*1]

Law Offs. of Lydia C. Hills, P.C. v Holguin

2021 NY Slip Op 50032(U) [70 Misc 3d 135(A)]

Decided on January 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-803 K C

The Law Offices of Lydia C. Hills, P.C.,
Respondent, 
against
Onissa Holguin, Appellant. 

Onissa Holguin, appellant pro se.
Law Office of Lydia C. Hills, P.C., for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered January 29, 2019. The judgment, after a nonjury trial, awarded plaintiff
the principal sum of $3,700 and dismissed the counterclaim.

ORDERED that the judgment is modified by providing that plaintiff's cause of action is
dismissed; as so modified, the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover unpaid legal fees in the principal sum of
$3,700 from its former client, and defendant counterclaims to recover the principal sum of
$5,000, claiming that she incurred damages as a result of the alleged inadequacy of plaintiff's
professional services. 
At a nonjury trial, it was established that, in 2016, defendant had retained plaintiff to
represent her in an action for divorce; that, at the commencement of their professional
relationship, defendant had paid plaintiff $500; and that plaintiff had continued to represent
defendant for approximately a year, until defendant retained substitute counsel. Attorney Lydia
C. Hills, testifying on behalf of plaintiff, described the legal services she had performed on
defendant's behalf and testified that plaintiff had billed defendant at her usual hourly rate. After
Hills showed the court a single invoice, with a balance due of $3,700, defendant showed the
court a different invoice which apparently covered the same time period but which was for a
lesser amount. Hills responded that the earlier invoice had been "preliminary" and did not include
charges for all the work she had done on defendant's behalf. Defendant asserted that plaintiff's
services had been inadequate, and that because of plaintiff's inattention to her case and its
attendant delays, she had been financially harmed. Following the trial, the Civil Court awarded
judgment to plaintiff in the principal sum of $3,700 and dismissed the counterclaim.
In a small claims action, our review is limited to a determination of whether "substantial
[*2]justice . . . has been done between the parties according to the
rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Attorneys representing clients in domestic relations matters are subject to particular rules
(see 22 NYCRR part 1400), which " 'were designed to address abuses in the practice of
matrimonial law and to protect the public' " (Rosado v Rosado, 100 AD3d 856, 856 [2012], quoting Hovanec v Hovanec, 79 AD3d
816, 817 [2010]). The rules include a requirement that attorneys in such matters provide
prospective clients with a written statement of their right "to receive a written, itemized bill on a
regular basis, at least every 60 days" (22 NYCRR 1400.2), which right must also be reflected in
the written retainer agreement for the attorney's services (see 22 NYCRR 1400.3 [9]). A
matrimonial attorney seeking to recover unpaid legal fees must demonstrate substantial
compliance with the rules applicable to attorneys representing clients in domestic relations
matters as an essential element of his or her prima facie case (see Greco v Greco, 161 AD3d 950, 951-952 [2018]; Montoya v Montoya, 143 AD3d
865, 865-866 [2016]; Hovanec v
Hovanec, 79 AD3d 816, 816 [2010]; Pillai v Pillai, 15 AD3d 466, 467 [2005]; see also Gottlieb v Gottlieb, 101 AD3d
678, 679 [2012]; cf. Edelman v
Poster, 72 AD3d 182 [2010]). Since, at trial, plaintiff failed to demonstrate that it had
substantially complied with the rule requiring it to provide periodic billing statements to
defendant at least every 60 days, plaintiff failed to make out a prima facie case, and the judgment
in its favor failed to comply with substantive law (see CCA 1804, 1807). 
"Whether specific conduct constitutes legal malpractice is a factual determination to be made
by the trier of fact" (Weintraub v
Petervary, 57 Misc 3d 153[A], 2017 NY Slip Op 51595[U], *2 [App Term, 2d Dept, 9th
& 10th Jud Dists 2017]). Defendant failed to provide any expert testimony (see Healy v Finz & Finz, P.C., 82
AD3d 704, 706 [2011]; Northrop v
Thorsen, 46 AD3d 780, 782 [2007]) or to otherwise substantiate her claim of legal
malpractice. In this circumstance, we find no basis to disturb the Civil Court's implicit
conclusion that defendant did not establish a failure by plaintiff "to exercise the ordinary
reasonable skill and knowledge commonly possessed by a member of the legal profession and
that the attorney's breach of this duty proximately caused [defendant] to sustain actual and
ascertainable damages" (Rudolf v
Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007] [internal
quotation marks omitted]). 
Accordingly, the judgment is modified by providing that plaintiff's cause of action is
dismissed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 15, 2021