Bracey v Bracey (2023 NY Slip Op 06233)

Bracey v Bracey

2023 NY Slip Op 06233

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-03039
 (Index No. 54237/17)

[*1]Mark C. Bracey, respondent, 
v
Sheryl . Bracey, defendant; Gil . Perez, etc., nonparty-appellant.

Gil V. Perez, New York, NY, nonparty appellant pro se.

DECISION & ORDER
In an action for a divorce and ancillary relief, nonparty Gil V. Perez appeals from an order of the Supreme Court, Kings County (Rachel A. Adams, J), dated February 21, 2020. The order denied the motion of nonparty Gil V. Perez for an award of attorneys' fees in the sum of $12,865.72, payable by the plaintiff.
ORDERED that the order is affirmed, without costs or disbursements.
In September 2017, the plaintiff commenced this action for a divorce and ancillary relief against the defendant. Nonparty Gil V. Perez, then the defendant's attorney, appeared on behalf of the defendant in November 2017, and, in May 2019, withdrew as counsel for the defendant upon the defendant's consent.
Thereafter, by stipulation of settlement dated September 16, 2019, the plaintiff, and the defendant, who was then unrepresented, settled this action. In September 2019, Perez moved for an award of attorneys' fees in the sum of $12,865.72, to be paid by the plaintiff. In support of his motion, Perez submitted, inter alia, one invoice dated June 1, 2019, in the sum of $12,865.72, which set forth certain dates from December 3, 2017, through May 30, 2019, on which Perez purported to have worked on behalf of the defendant in connection with this action. The plaintiff opposed the motion. In an order dated February 21, 2020, the Supreme Court denied Perez's motion on the ground that Perez failed to substantially comply with the requirements of 22 NYCRR 1400.2 to provide the defendant with written, itemized bills at least every 60 days. Perez appeals. We affirm.
"In a matrimonial action, an award of an attorney's fee or an expert fee is a matter committed to the sound discretion of the trial court" (Vitale v Vitale, 112 AD3d 614, 614-615). "'In exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions'" (Montoya v Montoya, 143 AD3d 865, 865 quoting Badawi v Alesawy, 135 AD3d 793, 795 [internal quotation marks omitted]).
The rules of the Appellate Divisions regulating attorney conduct in domestic relations matters are set forth in 22 NYCRR Part 1400, et seq., and apply to attorneys who represent clients in matrimonial proceedings such as this one (see Hovanec v Hovanec, 79 AD3d 816, 817). A [*2]showing of substantial compliance with the rules set forth in 22 NYCRR 1400 "must be made on a prima facie basis as part of the moving party's papers" (Gottlieb v Gottlieb, 101 AD3d 678, 679). 22 NYCRR 1400.2 provides, in relevant part, that a client is "entitled to receive a written, itemized bill on a regular basis, at least every 60 days." Where a matrimonial attorney has failed to demonstrate substantial compliance with 22 NYCRR 1400.2, that attorney is precluded from recovering legal fees from his or her own client (see Hovanec v Hovanec, 79 AD3d at 817; Gahagan v Gahagan, 51 AD3d 863, 864), or from the other party (see Rosado v Rosado, 100 AD3d 856).
Here, contrary to Perez's contention, the Supreme Court properly denied his motion for an award of attorneys' fees as he failed to demonstrate that he substantially complied with 22 NYCRR 1400.2 (see Montoya v Montoya, 143 AD3d at 865; Vitale v Vitale, 112 AD3d at 615).
Perez's remaining contentions are without merit.
DILLON, J.P., DUFFY, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court