■ Law Office of Howard M. File, Esq., P.C., Respondent-Appellant, v Tanya Ostashko, Appellant-Respondent. [875 NYS2d 502]—

In an action, inter alia, to recover unpaid legal fees, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated June 30, 2008, as denied her cross motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment on the issue of liability and for an inquest on the issue of damages.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

"[A]ttorney-client fee agreements are a matter of special

concern to the courts and are enforceable and affected by lofty principles different from those applicable to commonplace commercial contracts" (*Matter of Cooperman,* 83 NY2d 465, 472 [1994]). " '[C]ourts as a matter of public policy give particular scrutiny to fee arrangements between attorneys and clients, casting the burden on attorneys who have drafted the retainer agreements to show that the contracts are fair, reasonable, and fully known and understood by their clients' " (*King v Fox,* 7 NY3d 181, 191 [2006], quoting *Shaw v Manufacturers Hanover Trust Co.,* 68 NY2d 172, 176 [1986]; *see Seth Rubenstein, P.C. v Ganea,* 41 AD3d 54, 60 [2007]). "Contingent fee agreements between attorneys and their clients . . . generally allow a client *without* financial means to obtain legal access to the civil justice system" (*King v Fox,* 7 NY3d at 192). "While an attorney may charge a contingency fee to prosecute nonmatrimonial claims generally (*see* 7 NY Jur 2d, Attorneys at Law § 209), '[a] lawyer shall not enter into an arrangement for, charge or collect . . . [a]ny fee in a domestic relations matter . . . the payment or amount of which is contingent upon the securing of a divorce or in any way determined by reference to the amount of maintenance, support, equitable distribution or property settlement' " (*Ross v DeLorenzo,* 28 AD3d 631, 633 [2006], quoting 22 NYCRR 1200.11 [c] [2] [i]; *see* 22 NYCRR 1400.1, 1400.2). " 'The rule against contingent fees in domestic relations cases in New York is deep seated and well established. The policy reasons include a belief that this kind of fee might induce lawyers to discourage reconciliation and encourage bitter and wounding court battles' " (*Ross v DeLorenzo,* 28 AD3d at 633-634, quoting 7 NY Jur 2d, Attorneys at Law § 211).

Here, contrary to the plaintiff's contentions, the retainer agreement at issue, dated May 26, 2000, as drafted, is susceptible of no interpretation other than that it constituted an " 'arrangement for . . . [a] fee in a domestic relations matter, the payment or amount of which [wa]s contingent upon the securing of a divorce or . . . determined by reference to the amount of maintenance, support, equitable distribution or property settlement' " (*Ross v DeLorenzo,* 28 AD3d at 633, quoting 22 NYCRR 1200.11 [c] [2] [i]; *see* 22 NYCRR 1400.1, 1400.2). Accordingly, the agreement was unenforceable as violative of public policy. Therefore, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action, seeking recovery upon the retainer agreement.

"If the terms of a retainer agreement are not established, or if a client discharges an attorney without cause, the attorney

may recover only in quantum meruit to the extent that the fair and reasonable value of legal services can be established" (*Seth Rubenstein, P.C. v Ganea*, 41 AD3d at 60). " 'In order to make out a claim in quantum meruit, a claimant must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services' " (*Ross v DeLorenzo*, 28 AD3d at 635, quoting *Matter of Alu*, 302 AD2d 520, 520 [2003]). In support of its motion for summary judgment, the plaintiff established that it performed legal services on the defendant's behalf in good faith, and that the defendant accepted these services. However, the plaintiff failed, on this motion, to establish that it expected compensation for its services, at least insofar as the matrimonial matter was concerned, and failed to establish the reasonable value of its services. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action, seeking recovery in quantum meruit. The court also properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action. Mastro, J.P., Balkin, Dickerson and Belen, JJ., concur.