■ HUDSON-SPRING PARTNERSHIP, L.P., Respondent, v P+M DESIGN CONSULTANTS, INC., Appellant, et al., Defendants. [976 NYS2d 57]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 8, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for leave to amend its complaint, unanimously affirmed, without costs.

Defendant P+M Design Consultants, Inc.'s (P+M) argument that the second through fourth causes of action in the amended complaint are barred by res judicata is without merit. Res judicata requires a final judgment in a prior action (*see e.g. People v Evans*, 94 NY2d 499, 502 [2000]; *UBS Sec. LLC v Highland Capital Mgt., L.P.*, 86 AD3d 469, 473-474 [1st Dept 2011]). In the case at bar, there has been only one action. Furthermore, the April 23, 2012 order which granted P+M and defendant Poulin+Morris, Inc.'s motion for summary judgment dismissing the second cause of action (fraudulent conveyance) in the original complaint is marked "non-final disposition." Finally, the fraudulent conveyance claim arose out of a different set of facts from those alleged in the second through fourth causes of action in the amended complaint.

Poulin+Morris, the John Doe defendants, and/or the John Doe Company defendants may be liable for use and occupancy, even though the lease was between plaintiff and P+M (*see Getty Props. Corp. v Getty Petroleum Mktg. Inc.*, 106 AD3d 429, 430 [1st Dept 2013]). If Poulin+Morris, the John Does, and/or the John Doe Companies were occupying the space leased by P+M, they were, in effect, P+M's subtenants.

It is true that *El Gallo Meat Mkt. v Gallo Mkt.* (286 AD2d 255, 256 [1st Dept 2001]) said, "A landlord-tenant relationship is the *sine qua non* for" use and occupancy. However, the issue

in *El Gallo* was who—the landlord, as opposed to someone else—could recover use and occupancy, not who could be forced to pay use and occupancy.

It is true that the issue in *14 Second Ave. Realty Corp. v Steven Corp.* (16 AD2d 751 [1st Dept 1962], *affd* 12 NY2d 919 [1963]) was whether someone who was not a tenant could be forced to pay use and occupancy. However, *14 Second Ave.*—unlike the case at bar—involved a vendor-vendee situation (*see* 12 NY2d at 920). There are special rules for use and occupancy in a vendor-vendee situation (*see Ministers, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway*, 152 Misc 2d 936, 940 [Civ Ct, NY County 1991]).

The third cause of action in the amended complaint adequately pleads a claim for unjust enrichment (*see Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516 [2012]).

The fourth cause of action seeks to impose liability on Poulin+Morris, the John Does, and the John Doe Companies on the theory of piercing the corporate veil of P+M. The complaint states sufficient facts showing that these defendants exercised complete domination and control over P+M thereby abusing the privilege of doing business in the corporate form and perpetrating a fraud against plaintiff (*see Stewart Tit. Ins. Co. v Liberty Tit. Agency, LLC*, 83 AD3d 532, 533 [1st Dept 2011]). Specifically, the complaint alleges, inter alia, that P+M was undercapitalized, conducted no legitimate business, and existed only as a shell company whose sole purpose was to shield the actual occupants of the leased space from liability. At this stage of the proceedings, it cannot be said that this proposed cause of action is palpably insufficient or patently devoid of merit (*see MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 500 [1st Dept 2010]). Concur—Tom, J.P., Saxe, DeGrasse, Richter and Clark, JJ.