■ FRANCES MEDINA, Appellant, v RICHARD A. KRASLOW, P.C., Respondent. [53 NYS3d 116]—

In an action, inter alia, to recover damages for unjust enrichment, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated March 16, 2015, as denied those branches of her motion which were for summary judgment on the issues of liability and damages and pursuant to CPLR 3211 (a) (7) to dismiss the defendant's counterclaims.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability and pursuant to CPLR 3211 (a) (7) to dismiss the defendant's counterclaims, and substituting therefor provisions granting those branches of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

During an action for a divorce and ancillary relief commenced by the plaintiff against her former husband, she and her former husband entered into a stipulation of settlement with respect to the equitable distribution of their marital assets. Ultimately, the former husband did not pay the agreed-upon amount, and the Supreme Court directed the entry of a money judgment in favor of the plaintiff. The plaintiff then retained the defendant herein to represent her in the postjudgment matters relating to her divorce. On May 14, 2012, the plaintiff and the defendant entered into a retainer agreement under which the plaintiff paid a minimum fee in the sum of $10,000 and agreed to pay a 25% contingency fee of all amounts recovered. The defendant negotiated an enforcement stipulation, which the plaintiff and her former husband executed on July 26, 2012. The defendant retained the sum of $163,750 representing 25% of all but $25,000 of the cash and retirement funds that the plaintiff recovered under that enforcement stipulation. The plaintiff subsequently commenced this action, alleging that the defendant violated rule 1.5 of the Rules of Professional Conduct (22 NYCRR 1200.0) and 22 NYCRR part 1400. The plaintiff moved for summary judgment on the issues of liability and damages and pursuant to CPLR 3211 (a) (7) to dismiss the defendant's counterclaims. The Supreme Court denied the plaintiff's motion.

The plaintiff demonstrated, prima facie, through the submission of the parties' retainer agreement, that the defendant charged her a contingency fee in violation of rule 1.5 (d) (5) (i) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Because the defendant's fee was to be "determined by reference to the amount of . . . equitable distribution" in the form of the money judgment and subsequent enforcement stipulation, the retainer agreement violated rule 1.5 (d) (5) (i) of the Rules of Professional Conduct (22 NYCRR 1200.0). Contrary to the defendant's argument, the enforcement of an equitable distribution award reduced to a money judgment is not exempt from rule 1.5 (d) (5) (i) (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 Comment [6]; NY St Bar Assn Comm on Prof Ethics Op 747 [2001]; Roy Simon, Simon's New York Rules of Professional Conduct Annotated at 202 [2016]). The plaintiff also demonstrated prima facie that the defendant violated the rules set forth in 22 NYCRR 1400.3. In that respect, the retainer agreement did not specify how the defendant's fee would be calculated if the plaintiff discharged the defendant "during the course of the representation" and did not specify how frequently itemized bills would be provided (22 NYCRR 1400.3). Additionally, the plaintiff did not receive itemized bills from the defendant (*see id.*). In opposition, the defendant failed to raise a triable issue of fact. Further, the defendant's opposition failed to demonstrate that the plaintiff's motion was premature (*see* CPLR 3212 [f]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

The plaintiff did not, however, demonstrate her prima facie entitlement to judgment as a matter of law on the issue of damages. Although the retainer agreement did not substantially comply with 22 NYCRR 1400.3 and was "unenforceable as violative of public policy" because of the improper contingency fee, the plaintiff is not automatically entitled to a full refund of the money paid to the defendant (*Law Off. of Howard M. File, Esq., P.C. v Ostashko*, 60 AD3d 643, 644 [2009]; *see Behrins & Behrins v Sammarco*, 305 AD2d 346, 348 [2003]; *Mulcahy v Mulcahy*, 285 AD2d 587, 588 [2001]; *Markard v Markard*, 263 AD2d 470, 471 [1999]). That is, despite the improper contingency fee, the defendant can recover for "the reasonable value of its services" under a theory of quantum meruit, and despite the noncompliance with 22 NYCRR 1400.3, the defendant can retain properly earned fees that the plaintiff has already paid (*Law Off. of Howard M. File, Esq., P.C. v Ostashko*, 60 AD3d at 644; *see Behrins & Behrins v Sammarco*, 305 AD2d at 348; *Mulcahy v Mulcahy*, 285 AD2d at 588; *Markard v Markard*, 263 AD2d at 471). On the current record, the reasonable value of the defendant's services and the properly earned portion of the fee that was already paid have not been established, as the plaintiff presented no evidence on

these points. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of damages, regardless of the sufficiency of the defendant's opposition papers on this issue (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Finally, under the facts alleged herein, the defendant failed to state a cause of action as to any of its counterclaims sounding in abuse of process (*see JGK Indus., LLC v Hayes NY Bus., LLC*, 145 AD3d 979, 980 [2016]; *Muro-Light v Farley*, 95 AD3d 846, 847 [2012]), fraudulent inducement (*see Dalessio v Kressler*, 6 AD3d 57, 61 [2004]), and unjust enrichment (*see GFRE, Inc. v U.S. Bank, N.A.*, 130 AD3d 569, 570 [2015]). Accordingly, that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the counterclaims for failure to state a cause of action should have been granted. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.