Matter of Grossbarth v Dankner, Milstein & Ruffo, P.C. (2018 NY Slip Op 00144)





Matter of Grossbarth v Dankner, Milstein & Ruffo, P.C.


2018 NY Slip Op 00144


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2017-00389
 (Index No. 31526/15)

[*1]In the Matter of Joel Grossbarth, etc., respondent,
v
Dankner, Milstein and Ruffo, P.C., appellant.


Dankner, Milstein & Ruffo, P.C., sued herein as Dankner, Milstein and Ruffo, P.C. (Alexander J. Wulwick, New York, NY, of counsel), appellant pro se.
Levin & Chetkof, LLP, Westbury, NY (Howard A. Chetkof of counsel), for respondent.



DECISION & ORDER
In a proceeding to recover an attorney's fee, the appeal is from a judgment of the Supreme Court, Rockland County (Loehr, J.), entered December 16, 2016, which, after a hearing, awarded the petitioner fees and expenses in the total sum of $23,493.16.
ORDERED that the judgment is affirmed, with costs.
The appellant law firm, Dankner, Milstein and Ruffo, P.C. (hereinafter DMR), was substituted for the petitioner as the attorney for the plaintiff in a medical malpractice action after the petitioner was suspended from the practice of law. The malpractice action later settled in favor of the plaintiff. The petitioner was disbarred effective March 19, 2013 (see Matter of Grossbarth, 113 AD3d 14). Neither the petitioner's suspension nor his disbarment related to his representation of the plaintiff in the underlying medical malpractice action.
In April 2015, the petitioner commenced this proceeding against DMR pursuant to 22 NYCRR former 691.10(b), now 1240.15(g), "the rule which governs compensation for a disbarred or suspended attorney based on work done prior to the effective date of suspension or disbarment" (Matter of Grossbarth v Danker, Milstein & Ruffo, P.C., 142 AD3d 706, 707). The petitioner sought to recover fees on a quantum meruit basis, and expenses allegedly due to him for legal work he performed for the plaintiff in the medical malpractice action prior to his suspension. The Supreme Court concluded that the petitioner was entitled to recover a fee in quantum meruit and, following a hearing, determined that the petitioner was entitled to fees in quantum meruit and expenses in the sum of $21,316.05. A judgment was thereafter entered in the total sum of $23,493.16, which included interest and disbursements.
Contrary to DMR's contention, the petitioner was not precluded from recovery on the ground that he failed to file a retainer statement with the Office of Court Administration in accordance with 22 NYCRR 691.20(a)(1), since the petitioner did not seek the recovery of fees on a breach of contract theory, but solely on a quantum meruit basis (see Siracusa v Fitterman, 110 AD3d 1055, 1056; Micro-Spy, Inc. v Small, 69 AD3d 687, 689; Law Off. of Howard M. File, Esq., P.C. v Ostashko, 60 AD3d 643, 644-645; cf. Giano v Ioannou, 78 AD3d 768, 771; Rabinowitz v [*2]Cousins, 219 AD2d 487). The lack of a fee-sharing agreement between the petitioner and DMR also did not preclude the petitioner from seeking the recovery of fees against DMR (see Biagioni v Narrows MRI & Diagnostic Radiology, P.C., 127 AD3d 800; Padilla v Sansivieri, 31 AD3d 64, 66-67; Decolator, Cohen & DiPrisco v Lysaght, Lysaght & Kramer, 304 AD2d 86, 90-91). Moreover, the petitioner did not forfeit his right to recover fees for the work he performed in the medical malpractice action prior to his suspension (see Decolator, Cohen & DiPrisco v Lysaght, Lysaght & Kramer, 304 AD2d at 91).
Accordingly, the Supreme Court did not err in determining that the petitioner was entitled to an award of fees on a quantum meruit basis (see 22 NYCRR former 691.10[b], now 1240.15[g]; see generally Biagioni v Narrows MRI & Diagnostic Radiology, P.C., 127 AD3d at 801; Padilla v Sansivieri, 31 AD3d at 66-67; Rosenzweig v Gomez, 250 AD2d 664, 664).
DMR's remaining contention is without merit.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court