Jason Wang, Appellant,
against
Wang Law Office, PLLC, Respondent.




Michael R. Freeda, Esq., for appellant.
Wang Law Office, PLLC (Jean Wang, Esq.), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered October 21, 2015. The judgment, insofar as appealed from, after a nonjury trial, dismissed plaintiff's cause of action.




ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the Civil Court for the entry of an appropriate amended judgment awarding plaintiff the principal sum of $2,000, plus interest, on his cause of action.
In this small claims action to recover a $5,000 retainer fee that had been paid to defendant law firm to represent plaintiff in a criminal matter, plaintiff claims that he discharged defendant and that new counsel had been retained prior to plaintiff's first court appearance. After a nonjury trial, the Civil Court dismissed plaintiff's cause of action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
"[A] client has the absolute right to discharge an attorney at any time" (Hom v Hom, 210 AD2d 296, 297 [1994]). An attorney can retain properly earned fees that have previously been paid by the client pursuant to a fee agreement, provided there is proof of the reasonable value of the services that had been rendered (see Rules of Professional Conduct [22 NYCRR 1200.0] rule [*2]1.16; Medina v Richard A. Kraslow, P.C., 149 AD3d 928 [2017]). The agreement between the parties expressly provided that, upon the termination of the attorney-client relationship and before the paid minimum fee is exhausted, plaintiff would be entitled to a refund less the reasonable value of any services actually rendered by the attorney pursuant to the agreement. Based upon the trial testimony, we find that defendant was not entitled to retain the entire retainer fee paid by plaintiff; rather, plaintiff is entitled to a refund in the sum of $2,000.
We note that defendant's argument that plaintiff has no standing to commence this action is not properly before this court, as this argument is being raised for the first time on appeal (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]). In any event, this argument lacks merit as "one who contracts with a duly constituted and authorized agent acting on behalf of a disclosed principal, where the principal is named as the contracting party, is bound by the contract and liable on it to the principal to the same extent as if he or she had contracted with the principal in person" (2A NY Jur 2d, Agency and Independent Contractors § 326).
In view of the foregoing, we find that the judgment, insofar as appealed from, failed to render substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807).
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to the Civil Court for the entry of an appropriate amended judgment awarding plaintiff the principal sum of $2,000, plus interest, on his cause of action.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 02, 2018