Eshaghian v Eshaghian (2019 NY Slip Op 01524)





Eshaghian v Eshaghian


2019 NY Slip Op 01524


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Tom, Moulton, JJ.


8584N 654481/15

[*1] David Eshaghian, Plaintiff-Appellant,
v
Marokh Eshaghian, et al., Defendants-Respondents, First American Title Insurance Company, Nominal Defendant.


Davidoff Hutcher & Citron LLP, New York (Malcolm S. Taub of counsel), for appellant.
Vishnick McGovern Milizio LLP, Lake Success (Jordan M. Freundlich of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered April 26, 2018, which, to the extent appealed from, denied plaintiff's motion for leave to amend the complaint, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff's proposed new claim arises from the same facts (indeed appears in the same agreement) that formed the basis of the prior claims and counterclaims. Thus, while defendants emphasize plaintiff's long delay in seeking to amend, they have not shown that they are surprised or prejudiced by the amendment (see Anoun v City of New York, 85 AD3d 694 [1st Dept 2011]).
On its face, the proposed amendment is not "palpably devoid of merit" (see Cruz v Brown, 129 AD3d 455, 456 [1st Dept 2015]). It flows logically from the prior rulings in this case as to the validity of the Letter Agreement and the invalidity of the so-called "Side Agreement."
The prior summary judgment ruling in this action does not constitute a bar to amendment of the complaint on the ground of res judicata, which is applicable only to a judgment in a prior action (see Hudson-Spring Partnership, L.P. v P+M Design Consultants, Inc., 112 AD3d 419 [1st Dept 2013]). There is no violation of the law of the case doctrine, because the proposed amendment is consistent with, rather than contrary to, the prior rulings in this action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK