Boyd v 254 PAS Prop. LLC (2020 NY Slip Op 03743)





Boyd v 254 PAS Prop. LLC


2020 NY Slip Op 03743


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Manzanet-Daniels, J.P., Gische, Kern, Oing, González, JJ.


11757 111378/11

[*1] Patricia Boyd, et al., Plaintiffs-Appellants,
v
254 PAS Property LLC, et al., Defendant-Respondents.


Gallet Dreyer & Berkey, LLP, New York (Morrell I. Berkowitz of counsel), for appellants.
Gartner + Bloom, PC, New York (Arthur P. Xanthos of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered October 3, 2019, which denied plaintiffs' motion, under various provisions of the Debtor and Creditor Law, for certain discovery, a constructive trust and attorney's fees, unanimously affirmed, without costs.
Plaintiffs' appeal, as expressed in their reply brief, is limited to the court's decision not to grant the relief sought, under former Debtor and Creditor Law § 279, which requires a showing of actual fraudulent intent. This may be shown through "badges of fraud," such as "a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; the transferor's knowledge of the creditor's claim and the inability to pay it; and retention of control of the property by the transferor after the conveyance" (Wall St. Assoc. v Brodsky , 257 AD2d 526, 529 [1st Dept 1999]).
Here, plaintiffs failed to demonstrate by clear and convincing evidence that the transfers were actually fraudulent (see generally United States v McCombs , 30 F3d 310, 328 [2d Cir 1994]). Rather, the record shows that the transfers were made at market prices, were publicly disclosed, and were made in the ordinary course of defendants' business over a period of almost 10 years.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK