Hudson Spring Partners, L.P. v P & M Design Consultants, Inc. (2022 NY Slip Op 06637)

Hudson Spring Partners, L.P. v P & M Design Consultants, Inc.

2022 NY Slip Op 06637

Decided on November 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Oing, Moulton, González, JJ. 

Index No. 652648/21 Appeal No. 16716 Case No. 2022-00118 

[*1]Hudson Spring Partners, L.P., Plaintiff-Respondent,
v
P & M Design Consultants, Inc., et al., Defendants-Appellants.

Law Offices of Edward Weissman, New York (Edward Weissman of counsel), for appellants.
Law Office of Allan J. Berlowitz, New York (Joshua E. Fingold of counsel), for respondent.

Order, Supreme Court, New York County (Laurence Love, J.), entered October 22, 2021, which denied defendants' motions to dismiss the complaint, unanimously affirmed, with costs.
The complaint states a cause of action for liability against defendants Richard Poulin and Douglas Morris (together, the individual defendants) as alter egos of P+M Design Consultants, Inc., since a prior action has a res judicata effect on their alter ego liability in this action. In an earlier related action for unpaid rent, which resulted in the judgments underlying this action, this Court found that the complaint stated sufficient facts showing that defendant Poulin + Morris, Inc. and the individual defendants, who were the sole shareholders of Poulin + Morris, exercised complete dominion and control over P+M Design Consultants and used that control to perpetrate a fraud against plaintiff, thus abusing the privilege of doing business in the corporate form (Hudson-Spring Partnership, L.P. v P+M Design Consultants, Inc., 112 AD3d 419, 420 [1st Dept 2013]; see also Fern, Inc. v Adjmi, 197 AD2d 444, 445 [1st Dept 1993]). As a result, we found that plaintiff had stated a sufficient basis for piercing the corporate veil and imposing liability on Poulin + Morris and the individual defendants (Hudson-Spring Partnership, L.P., 112 AD3d at 420).
Given that P+M Design Consultants and Poulin + Morris, of which the individual defendants are the sole shareholders, were parties to that action, the doctrine of res judicata applies to compel a finding that plaintiff states a sufficient basis for piercing the corporate veil in this action; there is no one else who would have controlled the prior action on those companies' behalf (Buechel v Bain, 97 NY2d 295, 308 [2001], cert denied 535 US 1096 [2002]; Avilon Auto. Group v Leontiev, 168 AD3d 78, 85 [1st Dept 2019]). Further, the same law firm representing the defendants in this action also represented them in the prior lawsuit, further militating in favor of applying res judicata (see Watts v Swiss Bank Corp., 27 NY2d 270, 278 [1970]).
The complaint also states causes of action against Poulin + Morris for violations of former Debtor and Creditor Law §§ 273, 273-a, 274, and 276 (see Miller v Doniger, 28 AD3d 405, 405 [1st Dept 2006]). First, we note that only Debtor and Creditor Law § 276, which addresses actual fraud, is subject to the pleading requirements of CPLR 3016(b) (see e.g. Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d 476, 477 [1st Dept 2018]). The other relevant Debtor and Creditor Law sections, which address constructive fraud, are not subject to those requirements (see Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141, 149-150 [2d Dept 2009]).
As to former Debtor and Creditor Law § 273, the complaint sufficiently states a cause of action by alleging that Poulin + Morris is insolvent by reason of fraudulent conveyances, and that as of April 5, 2018, the company had only $721.29 in its bank account yet [*2]also has judgments totaling more than $500,000 against it. Thus, the complaint states not only that Poulin + Morris's insolvency arose through fraudulent conveyances, but that the fair salable value of Poulin + Morris's assets is less than the amount that will be required to pay its probable liabilities (see Debtor and Creditor Law § 271 [former (1)]); (Matter of Wimbledon Fin. Master Fund, Ltd. v Wimbledon Fund, SPC, 162 AD3d 433, 434 [1st Dept 2018]).
With respect to former Debtor and Creditor Law § 273-a, the complaint states a claim under that section by alleging that while Poulin + Morris was a defendant in an action for money damages, it made conveyances without fair consideration and that it has not satisfied the judgment in that action. For example, the complaint alleges that the individual defendants paid themselves "inflated" salaries in 2017, suggesting that Poulin + Morris did not receive a fair equivalent value (see Debtor and Creditor Law § 272 [former (a)]) for the salaries it paid the individual defendants. Similarly, the complaint alleges that Poulin + Morris made salary payments to the principals of the company even though the company was no longer operating.
Insofar as former Debtor and Creditor Law § 274 is concerned, plaintiff states a claim by alleging that the conveyances left Poulin + Morris with unreasonably small capital, and also alleges, more specifically, that the balance in Poulin + Morris' bank account decreased from $548,240.95 in September 2017 (four months before the trial in the prior action) to $721.29 in April 2018 (after the trial). These allegations are sufficient to allow the cause of action to withstand a motion to dismiss, and defendants' assertions that the amount in Poulin + Morris's bank account was not unreasonably small because the company ceased operations in 2017 will have to be addressed in discovery (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]).
With respect to former Debtor and Creditor Law § 276, sufficient "badges of fraud" (Boyd v 254 PAS Prop. LLC, 185 AD3d 428, 429 [1st Dept 2020]) are present, such as a close relationship between Poulin + Morris (the transferor) and the individual defendants (the transferees), as well as the transferees' awareness of plaintiff's claim. Moreover, plaintiff's allegation that the individual defendants "took excessive distributions" implies that the distributions were not in the usual course of business. The complaint also includes the dates and amounts of the transfers, and therefore satisfies the requirements of CPLR 3016(b) (see e.g. Sargiss v Magarelli, 12 NY3d 527, 530-531 [2009]).
Finally, the complaint states a claim that the individual defendants aided and abetted Poulin + Morris' fraudulent conveyances by alleging a violation of the Debtor and Creditor Law — namely, the allegedly fraudulent conveyances — by Poulin + Morris; the individual defendants' knowledge that Poulin + Morris's conveyances were wrongful; and the individual [*3]defendants' misuse of corporate funds — for example, using the funds to make excessive contributions to their retirement accounts(see Chemtex,
LLC v St. Anthony Enters., Inc., 490 F Supp 2d 536, 546 [SD NY 2007] [analyzing New
York State DCL]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 22, 2022